STEVENSON, J.
Appellant challenges his convictions for battery on a law enforcement officer and resisting without violence. At trial, appellant sought to have the 911 call he made during his encounter with the police admitted into evidence as an excited utterance. Appellant argues that the trial court erred in ruling that he, or some other person who witnessed the circumstances surrounding the call, was required to testify in front of the jury before the 911 tape could be admitted into evidence. We agree with appellant and reverse.
Appellant was charged with battery on a law enforcement officer, possession of cocaine and resisting an officer without violence for events occurring on August 22, 2006. Prior to trial, appellant requested a ruling on the admissibility of a 911 call he made during the incident. The State stipulated that the tape was authentic. The tape was played for the trial court. In the tape, appellant stated his name and that he had an emergency because an officer had tried to run him over while he was riding his bike. He stated that he had walked to a friend’s house and that the officers were outside in a Marquis. Appellant provided an address to the 911 operator and stated that “[r]ight now my hands are on my head.” According to the trial court’s statements describing the 911 call, the recording also captured appellant saying to officers who were on the scene that he had 911 on the phone.
Appellant argued that the tape “speaks for itself’ as an excited utterance occurring shortly after an officer tried to run him over and noted that the State stipulated to its authenticity. The prosecutor stated at the hearing:
Well, I’m stipulating to authenticity, and the foundation of it, being that they don’t need to call a witness to authenticate it. I also do believe, as far as hearsay goes, it’s an excited utterance. My objection, however, is that it’s a self serving statement of the defendant, for which he will not be subjected to cross examination, (emphasis added).
The trial court asked whether appellant would be testifying and appellant indicated that he would not. The trial court stated “[t]hen that tape can’t come in just to play it for the jury because he’s subject to cross examination as a statement.” Appellant disagreed, arguing that if the trial court believed the tape fit within a hearsay exception, then it was admissible regardless of whether, he testified or not. The trial court reasoned that the tape was self-serving and, thus, required appellant’s testimony. The trial court added that either appellant or some other fact witness would have to testify and “set the stage” in order to satisfy the prerequisites for admissibility as an excited utterance. Further, the trial court stated that it did not “have a problem” admitting the tape, so long as someone testified. Appellant indicated that the 911 operator was the only witness available to him, and the trial court responded that the operator would not be an appropriate witness since the operator did not observe the incident preceding the 911 call.
*1254 Appellant argues that the trial court erred in requiring that he testify and be subject to cross-examination in order to enter the 911 tape into evidence. Appellant asserts that this ruling infringed upon his right to choose whether or not to testify. Whether appellant’s testimony was required by the evidence code, and case law, presents a question of law that is reviewed de novo. See Pantoja v. State, 59 So.3d 1092, 1095 (Fla.2011), cert, denied, — U.S.-, 132 S.Ct. 496, 181 L.Ed.2d 389 (2011). As the court stated in Tucker v. State, 884 So.2d 168, 173 (Fla. 2d DCA 2004):
Section 90.803(2), Florida Statutes (2002), permits a party to introduce into evidence an out-of-court statement admitted for the truth of that statement when it is an excited utterance “relating to a startling event or condition made while the declarant was under the stress or excitement caused by the event or condition.” In order to establish the admissibility of an excited utterance, a party must first prove by the preponderance of the evidence that (1) there was an event startling enough to cause nervous excitement, (2) the statement must have been made before there was time to contrive or misrepresent, and (3) the statement must be made while the person is under the stress of excitement caused by the event.
Of course, the fact that a 911 call was placed does not, by itself, mean that it was preceded by a startling event or that the declarant was acting under the stress of that event. “[A] trial court should conduct a hearing outside the presence of the jury to consider the necessary evidence and make the findings of fact essential to determine whether the statement constitutes an admissible excited utterance.” Id. Consequently, there is no requirement that the declarant, or some other eyewitness, testify before the jury in order to admit a 911 tape that is determined by the trial court to be an excited utterance.
Here, the trial court indicated that it had “no problem” admitting the tape as an excited utterance, so long as someone who observed the events testified. The trial court commented on the self-serving nature of the 911 tape, as well as the need for cross-examination. However, 911 tapes are non-testimonial in nature and are admissible without the declarant testifying and being subjected to cross-examination. See, e.g., Barron v. State, 990 So.2d 1098, 1101 (Fla. 3d DCA 2007) (holding that 911 tape containing anonymous calls was admissible as spontaneous statement or excited utterance). The fact that a 911 tape may also constitute a self-serving statement does not impact its admissibility as an excited utterance. See Harmon v. State, 854 So.2d 697, 699 (Fla. 5th DCA 2003) (“Simply because the statement may be self-serving is not a sufficient basis to exclude it [under the excited utterance exception].”); Cotton v. State, 763 So.2d 437, 439 (Fla. 4th DCA 2000) (“[A]n out-of-court statement made by the defendant is admissible if it comes within an exception to the hearsay rule.”). Based on the foregoing principles and the trial court’s indication that the 911 tape fell within the excited utterance exception, the trial court erred in conditioning admission of the tape on appellant providing eyewitness testimony.
The State argues that in requiring appellant to testify before the jury, the trial court was merely having the defense establish the evidentiary foundation for admission of an excited utterance. We reject the State’s argument because it is the trial court, and not the jury, that determines whether the predicate has been laid for the admission of an out-of-court statement as an excited utterance. See Tucker, 884 So.2d at 173. Appellant asked the *1255 court to decide, outside the jury’s presence, whether the 911 call was an excited utterance based on the evidence it already had received, but the trial court failed to do so. Further, defense counsel argued: “And again, if your Honor’s concern is the fact that [appellant] may need to testify, to say that it actually happened, at this moment, that he was excited, that it happened contemporaneously, we can offer that testimony to the Court, okay, pretrial, in a hearing. And Your Honor would have to determine whether or not it’s an excited utterance.” Thereafter, the trial court maintained its position that appellant would still need to testify in front of the jury in order for the 911 tape to be admitted.
The trial court’s error was not harmless. The error infringed upon appellant’s right not to testify. See United States v. Hung Thien Ly, 646 F.3d 1307, 1313 (11th Cir.2011) (explaining that the right to testify “is more properly framed as a right to choose whether to testify” and reflects “competing considerations” of the right to remain silent or to “break” that silence). In arguing for the pretrial ruling, appellant indicated that he would not be testifying. Because appellant testified, evidence of his seven prior felony convictions was admitted, and appellant made statements that opened the door to previously inadmissible evidence. It cannot be said that this error did not contribute to appellant’s convictions.
Accordingly, we reverse and remand for a new trial. We have considered the other arguments presented on appeal but find no error.

Reversed and Remanded.

MAY, C.J., AND LEVINE, J„ concur.